**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| AMY ZAINFELD, LOWELL KERN, and ABRAHAM DAVIES, individually and on behalf of all others similarly situated,<br><br>                 Plaintiffs,<br><br>v.<br><br>VIVID SEATS, LLC.<br><br>                 Defendant. | Case No.:    1:24-cv-1520<br><br><br>**CLASS ACTION COMPLAINT**<br><br><br>**DEMAND FOR JURY TRIAL** |

Plaintiffs Amy Zainfeld, Lowell Kern, and Abraham Davies ("Plaintiffs"), individually and on behalf of all others similarly situated, by and through their undersigned counsel, bring this class action complaint against Vivid Seats, LLC ("Vivid Seats" or "Defendant"). Plaintiffs allege the following upon information and belief based on the investigation of counsel, except as to those allegations that specifically pertain to Plaintiffs, which are alleged upon personal knowledge.

**NATURE OF THE ACTION**

1.      Defendant has been improperly charging consumers on their website in violation of the New York Arts and Cultural Affairs Law § 25.07(4).

2.      When ticket purchasers visit Defendant's website https://www.vividseats.com/ to buy an admission ticket to an event, they are initially quoted one price, only to later be shown the true total ticket price, which includes an additional "Service" fee.

3.      These added fees are only presented *after* consumers select their ticket option and pass through multiple screens in the purchase process.

4.      In an effort to stop this type of business practice, New York State passed the Arts and Cultural Affairs Law, which provides that a "platform that facilitates the sale or resale of tickets… shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket." § 25.07(4)

5.      The "disclosure of the total cost and fees shall be displayed in the ticket listing *prior to* the ticket being selected for purchase." *Id.* (emphasis added). § 25.07(4) further states that "***[t]he price of the ticket shall not increase during the purchase process*.*"* *Id.* (emphasis added). This latest version of the law went into effect August 29, 2022.[1]

6.      Arts and Cultural Affairs Law § 25.07(4) provides that a "platform that facilitates the sale or resale of tickets". . . shall disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser." *Id.*

7.      As a result of Defendant's failure to adhere to these disclosure standards, Plaintiffs seek relief in this action individually, and on behalf of all other ticket purchasers of Defendant for actual and/or statutory damages in the amount of fifty dollars per violation,[2] reasonable attorneys' costs and fees, and injunctive relief under New York Arts and Cultural Affairs Law § 25.33.

## PARTIES

8.      Plaintiff Amy Zainfeld is an individual consumer who, at all times material hereto, was a citizen and resident of New York. Plaintiff purchased an admission ticket to a Tedeschi

---

[1] *See* N.Y. Arts & Cult. Aff. Law § 25.07.
[2] *See* New York Arts and Cultural Affairs Law § 25.34.

Trucks Band concert at Rock Rocks Amphitheatre through Defendant's website, https://www.vividseats.com/.



*Ms. Zainfeld Vivid Seats ticket confirmation*

The transaction flow process she viewed on Defendant's website was substantially similar to that depicted in *Figures 1 through 3* in this Complaint. When Ms. Zainfeld first visited Defendant's website to purchase a ticket, she was initially quoted a fee-less ticket price. Only after clicking through the multiple pages, was she then shown an additional "Service" fee. Regardless of which delivery method the purchaser selects, the "Service" fee is added to the total cost of the ticket price.

9.      Plaintiff Lowell Kern is an individual consumer who, at all times material hereto, was a citizen and resident of New York. Plaintiff purchased an admission ticket to a Bruce Springsteen concert at Amalie Arena through Defendant's website, https://www.vividseats.com.



*Mr. Kern's Vivid Seats ticket confirmation*

The transaction flow process he viewed on Defendant's website was substantially similar to that depicted in *Figures 1 through 3* in this Complaint. When Mr. Kern first visited Defendant's website to purchase a ticket, he was initially quoted a fee-less price. Only after clicking through the multiple pages, was he then shown additional fees. Regardless of which delivery method the purchaser selects, the "Service" fee is added to the total cost of the ticket price.

4

10.    Plaintiff Abraham Davies is an individual consumer who, at all times material hereto, was a citizen and resident of New York. Plaintiff purchased an admission ticket to a Katy Perry concert at Resorts World Theatre through Defendant's website, https://www.vividseats.com/.



*Mr. Davies Vivid Seats ticket confirmation*

The transaction flow process he viewed on Defendant's website was substantially similar to that depicted in *Figures 1 through 3* in this Complaint. When Mr. Abraham first visited Defendant's website to purchase a ticket, he was initially quoted a fee-less ticket price. Only after clicking through the multiple pages, was he then shown an additional "Service" fee. Regardless of which delivery method the purchaser selects, the "Service" fee is added to the total cost of the ticket price.

11.     Defendant Vivid Seats, LLC is a Delaware limited liability company with its principal place of business in Chicago, Illinois. Vivid Seats owns and operates the website https://www.vividseats.com/.

## JURISDICTION AND VENUE

12.     This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d) because there are more than 100 Class members; the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interest, fees, and costs; and at least one Class member is a citizen of a state different from Defendant.

13.     Defendant sold at least 100,000 tickets through its website during the applicable class period and is liable for a minimum of fifty dollars in statutory damages for each ticket sold.

14.     This Court has personal jurisdiction over Defendant because Defendant directed their business via the sale of tickets through their website to consumers in New York, including to Plaintiffs. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because Plaintiffs Zainfeld and Kern are residents of New York County.

## NEW YORK ARTS & CULTURAL AFFAIRS LAW

15.     The New York enacted Arts & Cultural Affairs Law § 25.07(4), effective on August 29, 2022, provides that "[e]very operator or operator's agent of a place of entertainment, any licensee or other ticket reseller, or platform that facilitates the sale or resale of tickets … shall disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser. Such disclosure of the total cost and fees shall be displayed in the ticket listing prior to the ticket

being selected for purchase." *Id*. And "[t]he price of the ticket shall not increase during the purchase process." *Id*.

16.     In response to ticketing websites' communications to the State of New York's Division of Licensing Services as to the scope of the law, the Division of Licensing Services clarified: "the ticket purchasing process begins once a consumer visits a ticket marketplace and ***first sees a list of seat prices***." *See* N.Y. Dep't of State, Div. Licens. Servs., Request for Additional Guidance – New York State Senate Bill S.9461, attached hereto as Exhibit A, at 1 (emphasis added).

17.     The Division of Licensing Services added that "[f]rom the moment the prospective purchaser assesses the [] ticket lists through the final payment … there should be no price increases to the purchaser for the ticket itself." *Id.* "When a prospective purchaser selects a ticket with full disclosure of the ticket price, the purchaser should not then have to search for the total price of the ticket as the purchaser proceeds through the purchasing process, it should continue to be readily available to the purchaser." *Id.* at 2 (emphasis added).

18.     The statute does not speak to any purchasing limitations. By all accounts, the statute applies to: (i) New York purchasers of tickets to a New York based event, (ii) New York purchasers of tickets to a non-New York based event, and (iii) non-New York purchasers of tickets to a New York event.

## COMMON FACTUAL ALLEGATIONS

### Defendant's Checkout Process

19.    When    a    prospective    purchaser    visits    Defendant's    website,

https://www.vividseats.com to purchase a ticket to an event, they are initially prompted with ticket

seating options and a corresponding price for each ticket. *See Figure 1*:



*Figure 1*

20.    *Figure 1* depicts the sampled purchase, for demonstration purposes only, of the

first page a purchaser is presented with when going to buy a ticket. The price shown at this stage

of the purchase process makes no mention of any fees.

21.    Next, purchasers are presented with the ticket price plus an added notation in fine

print indicating the ticket price includes an added fee.  No further details regarding the nature of

the fee are presented at this stage. *See Figure 2*, next page.



*Figure 2*

22.     Finally, purchasers reach the order summary page. *See Figure 3*. Here, for the first time in the multi-step purchase process, the purchaser is made aware of, and provided with, Vivid Seats' representation that in addition to the ticket price, purchasers must pay a "Service" fee, and are given no explanation of what the "Service" fee is or what is provided to them for paying this fee.



*Figure 3*

**FTC's Report on Ticket Pricing Manipulation**

23.    "Dark patterns" are deceptive tactics and tricks that manipulate consumers into making choices they would not otherwise have made. The Federal Trade Commission ("FTC") released a report on this deceptive behavior[3], in which they called attention to specific practices such as: (1) urgency, (2) obstruction, (3) information hiding, and (4) interface interference.

24.    Defendant engages in the practice of urgency by creating pressure for the purchaser to buy by indicating the ticket selection is a "Great Deal," with the message being that the purchaser must act fast or risk losing the deal. *See supra.*

25.    Defendant engages in the practice of obstruction by preventing purchasers from easily comparing prices by listing the ticket price without disclosing the true overall cost. *See supra* (requiring consumers to go through a multi-step process and pop-ups just to see the true total price).

26.    Defendant engages in the practice of information hiding by adding hidden fees or other charges during the purchase process. *See supra* ("Service" fee presented only on final page of purchase process).

27.    Defendant engages in the practice of interface interference by employing styles and designs to focus consumers' attention on one thing in order to distract, and misdirect, their attention from another. *See supra*.

28.    Defendant knowingly engages in these dark patterns to lure consumers into purchasing tickets that ultimately include junk fees via an added "Service" fee. Despite having the ability to properly portray the true total cost of a ticket up front, including any additional fees,

---

[3] *Bringing Dark Patterns to Light*, FEDERAL TRADE COMMISSION (Sept. 2022), https://www.ftc.gov/system/files/ftc_gov/pdf/P214800%20Dark%20Patterns%20Report%209.1 4.2022%20-%20FINAL.pdf (last visited February 28, 2024).

Defendant systematically and intentionally misrepresents what Defendant will ultimately charge consumers.

29.    That is precisely the type of deceptive behavior that the FTC admonishes, and the New York State Legislature has acted against.

**Compliance With New York Arts and Cultural Affairs Law § 25.07(4).**

30.    Certain ticket sellers' websites, in contrast to Vivid Seats, appear to comply with ACAL. Ticket reseller Eventbrite, Inc. ("Eventbrite") presentation of fees on their website https://www.eventbrite.com/ is an example of a business that is in compliance with the New York Arts and Cultural Affairs Law § 25.07(4).

31.    As soon as a purchaser is prompted to select their ticket type, they are presented with the ticket price, inclusive of fees. *See Figure 4* below.



*Figure 4*

32.    When purchasers arrive at the checkout page, ready to complete their purchase, they are shown the same ticket price presented on the prior page. *See Figure 5*, next page.



*Figure 5*

33.     In contrast to Defendant's presentation of ticket pricing, at no point during the multi-step purchase process presented by Eventbrite did the ticket price displayed to the buyer change. It remained consistent from the first point of selection through to checkout, in compliance with New York Arts and Cultural Affairs Law § 25.07(4).

34.     Additionally, the American Museum of Natural History ("AMNH") serves as another example of ticket fees should be presented to comply with the statute.

35.     When a purchaser visits the AMNH website at https://www.amnh.org to purchase a ticket, they are initially prompted to select the type and quantity of tickets, with a price displayed. *See Figure 6*, next page.



*Figure 6*

36.    Thereafter, a purchaser is prompted to select the date and time of their visit, with the price display remaining the same as it was during the initial step in the purchase process. *See Figure 7*.



*Figure 7*

13

37.    Next, the purchaser is asked to review their cart to confirm their ticket details. *See Figure 8.*



Figure 8

38.    Finally, the purchaser arrives at the checkout page, ready to complete their purchase. *See Figure 9.*



Figure 9

39.    In contrast to Defendant's presentation of ticket pricing, at no point during the multi-step purchase process presented by AMNH, did the ticket price displayed to the buyer

14

change. It remained consistent from the first point of selection through to checkout, in compliance

with New York Arts and Cultural Affairs Law § 25.07(4).

## CLASS ACTION ALLEGATIONS

40.      Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil

Procedure, individually and on behalf of the following Class:

> Purchasers of tickets through Defendant's website http://www.vividseats.com who
> were subjected to a ticket sales process which violated ACAL.

41.      Plaintiffs also seek certification of Subclasses, defined as follows:

   a. All New York residents who purchased tickets through Defendant's website
      to a  New York event based on the effective date of the statute (the "New
      York/New York").

   b. All New York residents who purchased tickets through Defendant's website
      to a non-New York event based on the effective date of the statute (the
      "New York/Elsewhere").

   c. All non-New York residents who purchased tickets through Defendant's
      website to a New York event based on the effective date of the statute (the
      "Elsewhere/New York").

42.      Specifically excluded from the Class are Defendant, its officers, directors, agents,

trustees, parents, children, corporations, trusts, representatives, employees, principals, servants,

partners, joint venturers, or entities controlled by Defendant, and their heirs, successors, assigns,

or other persons or entities related to or affiliated with Defendant and/or its officers and/or

directors, the judge assigned to this action, and any member of the judge's immediate family.

43.      Plaintiffs reserve the right to amend the Class definition above if further

investigation and/or discovery reveals that the Class should be expanded, narrowed, divided into

subclasses, or otherwise modified in any way.

44.      This action may be certified as a class action under Federal Rule of Civil Procedure

23 because it satisfies the numerosity, commonality, typicality, adequacy, and superiority

requirements therein.

45.     Numerosity (Rule 23(a)(1)): The Class is so numerous that joinder of all Class members is impracticable. Although the precise number of such persons is unknown, and the facts are presently within the sole knowledge of Defendant, Plaintiffs estimate that the Class is comprised of hundreds of thousands, or more, Class members. The Class is sufficiently numerous to warrant certification. The exact number of Class Members is in the possession and control of Defendant.

46.     Typicality of Claims (Rule 23(a)(3)): Plaintiffs, like the other customers of Defendant, have been subjected to Defendant's deceptive pricing disclosure practices. Plaintiffs are members of the Class and their claims are typical of the claims of the members of the Class. The harm suffered by Plaintiffs is similar to that suffered by all other Class members that was caused by the same misconduct by Defendant.

47.     Adequacy of Representation (Rule 23(a)(4)): Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have no interests antagonistic to, nor in conflict with, the Class. Plaintiffs have retained competent counsel who are experienced in consumer and commercial class action litigation and who will prosecute this action vigorously.

48.     Superiority (Rule 23(b)(3)): A class action is superior to other available methods for the fair and efficient adjudication of this controversy.  Because the monetary damages suffered by individual Class members is relatively small, the expense and burden of individual litigation make it impossible for individual Class members to seek redress for the wrongful conduct asserted herein.  If Class treatment of these claims is not available, Defendant will likely continue its wrongful conduct, will unjustly retain improperly obtained revenues, or will otherwise escape liability for its wrongdoing as asserted herein.

16

49.    <u>Predominant Common Questions (Rule 23(a)(2))</u>: The claims of all Class members present common questions of law or fact, which predominate over any questions affecting only individual Class members, including:

    a.    Whether Defendant failed to disclose the total cost of the ticket, including all ancillary fees, prior to the tickets being selected for purchase in violation of New York Arts & Cultural Affairs Law § 25.07(4);

    b.    Whether the displayed price of Defendant's tickets increases during the purchase process in violation of New York Arts & Cultural Affairs Law § 25.07(4); and

    c.    Whether Defendant failed to disclose its service charge in a clear and conspicuous manner in violation of New York Arts & Cultural Affairs Law § 25.07(4).

50.    Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a class action.

51.    The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications and establish incompatible standards of conduct for Defendant. Prosecution as a class action will eliminate the possibility of repetitious and inefficient litigation.

52.    Defendant has acted or refused to act on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

53.    Given that Defendant has not indicated any changes to its conduct, monetary damages are insufficient and there is no complete and adequate remedy at law.

**CAUSES OF ACTION**

**COUNT I**
**NEW YORK ARTS & CULTURAL AFFAIRS LAW§ 25.07**
**(On Behalf of Plaintiffs and All Class Members)**

54.    Plaintiffs repeat and re-allege each and every factual allegation contained in paragraphs 1-7 and 18-39, as if fully set forth herein.

55.    Plaintiffs bring these claims individually and on behalf of all Class members against Defendant.

56.    Pursuant to N.Y. Arts & Cult. Aff. Law § 25.07(4), Defendant is a "platform that facilitates the sale or resale of tickets."

57.    Pursuant to N.Y. Arts & Cult. Aff. Law § 25.07(4), Defendant had a statutory obligation to "disclose the total cost of the ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket, and disclose in a clear and conspicuous manner the portion of the ticket price stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser" at the first point that ticket prices are displayed on their website.

58.    Defendant, through their failure to disclose the "total cost of a ticket, inclusive of all ancillary fees that must be paid in order to purchase the ticket" after a ticket is selected, as depicted in *Figures 1 through 3* of this Complaint, have violated New York Arts & Cultural Affairs Law § 25.07(4).

59.    Moreover, Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by increasing the total cost of its tickets during the purchase process, as depicted in *Figures 1 through 3* of this Complaint.

60.    Furthermore, Defendant violated New York Arts & Cultural Affairs Law § 25.07(4) by failing to "disclose in a clear and conspicuous manner the portion of the ticket price

stated in dollars that represents a service charge, or any other fee or surcharge to the purchaser," as depicted in *Figures 1 through 3* of this Complaint.

61.    Defendant's "Service Fee" is an "ancillary fee[] that must be paid in order to purchase the ticket." N.Y. Arts & Cult. Aff. Law § 25.07(4).

62.    Plaintiffs purchased tickets through Defendant's website and were forced to pay Defendant's "Service Fee" in order to secure their tickets. Plaintiffs were harmed by paying this added charge, even though that total cost was not disclosed to Plaintiffs at the beginning of the purchase process, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

63.    Indeed, this is precisely the type of pricing gimmick the statute was designed to prevent. The Division of Licensing Services, in response to an inquiry from ticketing websites about the scope of the statute, stated clearly that "the ticket purchasing process begins once a consumer visits a ticket marketplace and first sees a list of seat prices" and that "[f]rom the moment the prospective purchaser assesses the [] ticket lists through the final payment … there should be no price increases to the purchaser for the ticket itself." .See N.Y. Dep't of State, Div. Licens. Servs., Request for Additional Guidance – New York State Senate Bill S.9461, attached hereto as Exhibit A, at 1.

64.    Plaintiffs were also harmed by paying this "Service Fee" charge, since it was not clearly and conspicuously disclosed on the final checkout page, and therefore, is unlawful pursuant to New York Arts & Cultural Affairs Law § 25.07(4).

65.    Plaintiffs, on behalf of themselves individually and all class members, seek to enjoin the unlawful acts and practices described herein, to recover actual damages or fifty dollars, whichever is greater, and reasonable attorneys' fees. *See* N.Y. Arts & Cult. Aff. Law § 25.33.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

(a) For an order certifying the Class under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as representative of the Class and Plaintiffs' attorneys as Class Counsel to represent the Class;

(b) For an order declaring that Defendant's conduct violates the statute referenced herein;

(c) For an order finding in favor of Plaintiffs and the Class;

(d) For compensatory and statutory damages in amounts to be determined;

(e) For prejudgment interest on all amounts awarded;

(f) For an order of restitution and all other forms of equitable monetary relief;

(g) For injunctive relief as pleaded or as the Court may deem proper; and

(h) For an order awarding Plaintiffs and the Class their reasonable attorneys' fees and expenses.

## DEMAND FOR TRIAL BY JURY

Plaintiffs demand a trial by jury of all issues so triable.

Dated: February 28, 2024

**LEVI & KORSINSKY, LLP**

By: */s/ Mark S. Reich*

Mark S. Reich (MR-4166)
Courtney E. Maccarone (CM-5863)
33 Whitehall Street, 17th Floor
New York, NY 10004
Telephone: (212) 363-7500
Facsimile: (212) 363-7171
Email: mreich@zlk.com
        cmaccarone@zlk.com

*Counsel for Plaintiffs*